FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 AUG 15 PM 2: 50

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

RICHARD PRINCIPIO, 02B0231,

   Plaintiff,

-v-

**DECISION and ORDER**
05-CV-0856A(F)

MICHAEL MCGINNIS, Superintendent;
JAMES ESGROW, Commissioner's Hearing
Officer; GARY P. MORSE, Sergeant; and
KELLY OLSCHEWSKE;

   Defendants.

## INTRODUCTION

Plaintiff Richard Principio, an inmate of the Clinton Correctional Facility, filed an Amended Complaint pursuant to the Court's Order of May 7, 2006, and, before that pleading was reviewed by the Court pursuant to 28 U.S.C. § 1915, filed a Second Amended Complaint on February 22, 2007. Based on plaintiff's representation that the Second Amended Complaint is the best articulation of his claims (Docket # 6, Declaration re: Motion to Amend), the Court will treat the Second Amended Complaint as the operative pleading in this matter.

Plaintiff claims that the defendants, Superintendent Michael McGinnis, Commissioner's Hearing Officer James Esgrow, Sergeant Morse and Kelly Olschewske, violated his rights. He first alleges that Morse and Olschewske filed a false misbehavior report against him even though another corrections official already had investigated the alleged incident, determined that there had been no misconduct and declined to issue such

a report. Plaintiff further alleges that Hearing Officer Esgrow erroneously found him guilty and sentenced him to 60 days keeplock and loss of certain other privileges in a hearing where he was denied due process. Plaintiff claims that, following the hearing, he spoke to Superintendent McGinnis about the circumstances of the incident alleged in the misbehavior report, but McGinnis merely modified his sentence and did not address the problem further. Thereafter, Hearing Officer Esgrow's determination was reversed on appeal. For the reasons discussed below, the action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

## DISCUSSION

As discussed in the Courts previous Order, in evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); and see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido,

2

41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Second Amended Complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim.

False Report

Plaintiff claims that he received a false misbehavior report. The allegation that the misbehavior report was deliberately falsified does not state a constitutional violation because an inmate has no constitutional protection from being falsely written up. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), cert. denied, 485 U.S. 982, 108 S. Ct. 1273, 99 L. Ed. 2d 484 (1988); Husbands v. McClellan, 957 F. Supp. 403 (W.D.N.Y. 1997).

Plaintiff claims that, despite the fact that a corrections official had previously declined to issue a misbehavior report on a particular incident, Morse and Olschewske filed a false misbehavior report relative to the same incident in retaliation for past dealings Olschewske had with plaintiff's family prior to his incarceration. A claim for retaliation under 42 U.S.C. § 1983, however, can only be stated if the retaliation was in response to constitutionally protected behavior by plaintiff. To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted). A prior relationship between plaintiff or his family members and Olschewske outside of prison does not amount to a constitutionally protected activity.

3

## Due Process Claim

As discussed in the Court's prior Order, to state a cognizable § 1983 due process claim, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996). To attach the protections of the Due Process Clause to this interest, *Sandin v. Conner* requires an evaluation of whether the conditions of plaintiff's disciplinary keeplock confinement "impose[. . .] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The Second Circuit Court of Appeals' decision in *Frazier, supra*, states that the plaintiff must show that the "conditions of his confinement in the SHU were dramatically different from the basic conditions of [his] indeterminate sentence." 81 F.3d at 316 (quoting *Sandin*, 515 U.S. at 485).

The Second Circuit has found that 101 days in normal SHU conditions did not meet the *Sandin* standard of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (quoting *Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999)). In addition, keeplock confinement is less restrictive than the SHU confinement imposed in *Sandin*. *Sandin*, 515 U.S. at 475-76. *McIntosh v. Daddario*, 1998 WL 118156 at *4 (S.D.N.Y. March 17, 1998) (inmate's disciplinary keeplock confinement for 45 days, with loss of package and phone privileges, after inmate was found guilty of violating terms of work release program, did not implicate a liberty interest); *Reaves v. Williams*, 1997 WL 10132 at *5 (S.D.N.Y. January 10, 1997) (69 days served in keeplock, of a 90-day sentence). Because plaintiff was

4

sentenced to 60 days of keeplock with loss of telephone, packages, recreation and conjugal visits, the length of his sentence was not atypical and his conditions were not so unusual as to rise above the *Sandin* threshold and, therefore, he has failed to state a due process claim.[1]

Deliberate Indifference and Duty to Supervise

Plaintiff alleges that Superintendent McGinnis failed in his duty to supervise subordinates and failed to intervene and act on information indicating that unconstitutionally wrongful conduct had occurred. Although plaintiff states that the August 10, 2005 conviction was reversed on September 28, 2005, this does not in itself indicate that McGinnis should have intervened because unconstitutional conduct was occurring. To the contrary, as discussed above, plaintiff cannot state a cause of action for either unconstitutional retaliation or denial of due process. Therefore, plaintiff does not allege facts that demonstrate that McGinnis should have intervened to prevent or correct unconstitutional conduct. In sum, plaintiff has not stated a claim against defendant McGinnis.

---

[1]Plaintiff previously alleged, and has not realleged, that as a result of his conviction, he lost two months of conjugal visits, that thereafter he was transferred to a prison that does not have facilities for such visits, that he lost a job which allowed him to send $30 per month to help support his family, and that he has not been able to participate in a drug and alcohol treatment program that he had been accepted into prior to the illegal conviction. The Court discussed in it's previous Order why plaintiff does not have a Constitutional liberty interest in these programs and that those claims do not amount to independent constitutional violations.

## CONCLUSION

For the reasons set forth above, plaintiff has failed to state claims of retaliation, denial of due process, deliberate indifference or failure to supervise. The Second Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the Second Amended Complaint (Docket No. 7) is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   August 13, 2007
         Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge